IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

JUAN F. EVANS,
       Appellant/Debtor.

Case No. 3:06cv140/LAC/MD
Bankruptcy Case: 04-31769-LMK
Adv. Proc. No. 05-03017

JUAN F. EVANS

       Plaintiff

v.

CODILIS & STAWIARSKI, P.A., et al.,

       Defendants.

_____

## REPORT AND RECOMMENDATION

This cause is before the court on appeal from the United States Bankruptcy Court for the Northern District of Florida, Pensacola Division (Bankruptcy Case No. 05-03017). Appellant Evans has filed a motion for leave to proceed *in forma pauperis* on appeal. For the reasons stated herein, the motion should be denied.

Section 1915 provides that a petition to proceed *in forma pauperis* is granted or denied at the discretion of the court. 28 U.S.C. § 1915(a). Any court may authorize the commencement of a civil action, or appeal therein, without the prepayment of fees "by a person who makes an affidavit that he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a)(1). However, an appeal may not be taken *in forma pauperis* if the court certifies in writing that the appeal is not taken in good

faith.  28 U.S.C. § 1915(a)(3);  *see Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S.Ct. 236, 59 L.Ed.457 (1915) (The court's discretion is limited to determinations of poverty and objective good faith).  Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Appellant Evans seeks to appeal the bankruptcy court's order denying his motion for summary judgment on his complaint against Codilis & Stawiarski, P.A.; Wells Fargo Bank Minnesota, N.A.; and Option One Mortgage Corporation (hereinafter "Appellees").  As explained by the bankruptcy court, Evans' complaint asserted claims of fraud, tortious interference with a business relationship under state law, violation of the discharge injunction, and alleged violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. (Doc. 1, Attach. #2, Order of 3/7/06; *see also* Order of 12/21/05 in Bankruptcy Case No. 05-03017).  All of these alleged violations arose from Appellees' continued assertion that the mortgage claim on Evans' home was still outstanding despite Evans' Chapter 7 discharge.  Evans insisted that the mortgage debt had been discharged, arguing further that his home was fully protected from creditors by the Florida homestead exemption.

The bankruptcy court assumed, without deciding, that all of Evans' factual allegations were true and that there were no genuine issues of material fact.  The court found Evans' claims totally devoid of merit, and concluded that as a matter of law summary judgment should be denied on all of his claims.  In its order denying relief, the court thoroughly explained the legal bases why the mortgage debt was not discharged and why Florida's homestead exemption did not offer Evans' home protection from the mortgage creditors.

As explained by the bankruptcy court, a debtor who has defaulted on his mortgage can protect himself from personal liability by obtaining a discharge in a Chapter 7 bankruptcy.  *See* 11 U.S.C. § 727.  "However, such a discharge extinguishes *only* 'the personal liability of the debtor.'" *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153 (1991) (emphasis in original) (quoting 11 U.S.C.

§ 524(a)(1)). The Bankruptcy Code provides that a mortgage creditor's right to foreclose on a mortgage survives or passes through the bankruptcy. *Johnson v. Home State Bank*, 501 U.S. at 83; *see* 11 U.S.C. § 522(c)(2); *Owen v. Owen*, 500 U.S. 305, 308-09, 111 S.Ct. 1833, 1835-36 (1991). Because Evans received his Chapter 7 discharge, he was no longer personally liable for the mortgage; however, the mortgage debt clearly remained, and was enforceable against Evans' home and the land on which it sat. *See id.* Thus, it was plain that Appellees could lawfully foreclose on the home after Evans' Chapter 7 discharge. *Id.*

As to Evans' homestead exemption claim, the Florida constitutional provision setting out the homestead exemption for that state provides:

> **Homestead; exemptions**
>
> (a) there shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, *except for* the payment of taxes and assessments thereon, *obligations contracted for the purchase, improvement or repair thereof*, or obligations contracted for house, field or other labor performed on the realty . . . .

Fla. Const. Art. X § 4 (emphasis added). The first mortgage on Evans' home clearly was an "obligation [ ] contracted for the purchase" of the home and therefore plainly excepted from the homestead exemption. *See* Fla. Const. Art. X § 4(a). Since Evans' mortgage was not protected by Florida's homestead exemption, it manifestly was not exempt in bankruptcy. *Id.*

As the foregoing demonstrates, both of Evans' claims lacked an arguable basis in the law and were, therefore, frivolous. *See, e.g., Arnold v. Mortgage Elec. Registration Sys. Inc.* (*In re Nick Charles Arnold*), No. 05-13743, 2006 WL 197333 (11th Cir. Jan. 26, 2006) (unpublished decision) (affirming this court's denial of bankruptcy debtor's IFP motion where debtor sought to appeal the same claims). For the foregoing reasons, the court concludes this appeal is not taken in good faith.[1]

---

[1] Notably, the bankruptcy court never found that good cause existed to re-open Evans' bankruptcy case on these issues. After his Chapter 7 discharge, Evans filed a motion requesting that the bankruptcy court reopen his case to allow him to move to cancel federal tax claims and pursue a claim against the IRS for violation of the discharge injunction. (*See In re Juan F. Evans*, Northern

**Accordingly, it is respectfully RECOMMENDED:**

1.  That the motion for leave to appeal *in forma pauperis* (doc. 1, Attach. #4) be DENIED.

2.  That Appellant Evans be ordered to pay the statutory filing fee of $255 within ten days of the order adopting this Report and Recommendation.  If he fails to do so, his appeal should be dismissed.

At Pensacola, Florida, this 11th day of April, 2006.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

---

**District of Florida Bankruptcy Case No. 04-31769, Doc. 82).  The bankruptcy court considered the motion and found that good cause existed to reopen the case. (***Id.***, Doc. 83).  Evans then filed a complaint raising those claims. (***Id.***, Doc. 85).  The bankruptcy court assigned case number 05-03011, and eventually denied relief. (***See Evans v. United States of America Internal Revenue Service***, Bankruptcy Case No. 05-03011, Docs. 47 & 48).  Evans appealed to this court, and that case has been assigned to a different district judge.  ***See Evans v. Internal Revenue Service***, Case No. 3:06cv101/RV/MD.**

**Appellees in the instant case raised the issue of the bankruptcy court's jurisdiction to hear Evans' mortgage and homestead exemption claims, arguing in a motion to dismiss before that court that jurisdiction was re-conferred only for a limited purpose -- to deal with Evans' issues with the IRS.  (Bankruptcy Case No. 05-03017, Doc. 4).  The bankruptcy court denied the motion on the grounds that it was untimely, without considering the jurisdictional issue.  (***Id.***, Doc. 17).**

*Case No: 3:06cv140/LAC/MD*